UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WRIGHT FAMILY INVESTMENTS, LLC     CIVIL ACTION NO. 12-cv-0826

VERSUS     JUDGE HICKS

JORDAN CARRIERS, INC., ET AL     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

**Introduction**

    Wright Family Investments, LLC ("Plaintiff") filed suit in state court against a trucking company and its insurer for property damages. Plaintiff alleged that a tractor-trailer rig owned by the trucking company disregarded two signs, drove on the parking lot of Plaintiff's Church's Chicken restaurant in Arcadia, Louisiana, and caused damage. The insurer, Liberty Mutual Insurance Company, removed the case based on an assertion of diversity jurisdiction.

    Plaintiff has filed a Motion to Remand (Doc. 7) in which it asserts that there is not a sufficient amount in controversy to permit removal. For the reasons that follow, the court finds that the defendants have not met their burden with respect to the amount in controversy. This case will be remanded to the Bienville Parish state court, and Liberty Mutual will be ordered to pay reasonable attorney fees incurred by Plaintiff as a result of the removal.

**Amount in Controversy; Statutory Amendments**

Diversity jurisdiction requires that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The state court petition was filed on February 10, 2012, which was after the January 6, 2012 effective date of amendments to 28 U.S.C. § 1446 made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.[1] Section 1446(c)(2) provides that the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state practice does not permit demand for a specific sum. Louisiana Code of Civil Procedure article 893 provides that no specific monetary amount of damages shall be included in the allegations or prayer for relief of any demand. Plaintiff's petition complied with that rule. It prayed for various categories of damages, plus statutory penalties and attorney fees, but it did not specify any amounts at issue.

Section 1446(c)(2)(b) provides that removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount

---

[1] The Act, which became effective on January 6, 2012, states that the amendments to Title I (which includes the amendments to Section 1446) "shall apply to any action or prosecution commenced on or after such effective date." Public Law 112–63, § 105(a). It then adds in § 105(b) that "[f]or purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court."

specified in section 1332(a)." This new provision of Section 1446 is consistent with the approach long taken by the Fifth Circuit in similar cases. It has held that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy – in the notice of removal or an affidavit – that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999).

**Analysis**

The state court petition alleges that a driver for defendant Jordan Carriers, Inc. drove a tractor-trailer onto the paved parking lot of Plaintiff's restaurant, despite two signs on the edge of the lot that clearly instructed that tractor-trailers were not allowed on the premises. Petition, ¶¶ 4-5. The tractor-trailer became trapped in the rear parking area. The driver did not have enough room to maneuver on the paved lot, and he drove across bare ground on the property, "causing deep ruts to the newly-landscaped grounds and knocking down the signs which instructed motorists that tractor-trailers were not allowed on the premises." ¶ 6. This also "caused cracking and damage to the paved parking lot, the curbing and the sewer line running beneath the parking lot ... ." ¶ 7. Plaintiff lists six categories of damages, including property damage, loss of use of property during repairs, and cost to repair or replace damaged or destroyed property. ¶ 10.

Plaintiff alleges that it submitted sufficient proof of its damages to Liberty Mutual, which issued an auto liability policy that insured the tractor-trailer, but the insurer refused to tender payments.  (Elsewhere in the record is a letter from Liberty Mutual in which it wrote that it was unable to honor the claim because it could not verify that its insured vehicle caused the damage at issue.) The refusal to pay the claim is alleged to have been arbitrary and capricious, entitling Plaintiff to recover reasonable attorney fees and a penalty pursuant to La.R.S. 22:1892(B)(1).  ¶¶ 12-15.

Liberty Mutual acknowledges in its notice of removal that the petition is silent as to the amount in controversy and that the removing defendant has the burden of proving by a preponderance that the amount in controversy exceeds $75,000. Notice, ¶ 10.  It then contends that it is "clear from the face of the Petition that plaintiff seeks an amount in excess of $75,000." In support of this assertion, Liberty Mutual notes the various categories of damages mentioned in Paragraph 10 of the petition and that the limits of the policy at issue are $1,000,000. But the limits of a liability policy do not establish the amount in controversy. It is the amount of the underlying claim that controls.  See Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908 (5th Cir. 2002).  And removal "cannot be based simply upon conclusory allegations." Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir.2003).

The petition and notice of removal provide no reasonable hint as to the dollar amount at issue.  Any reasonable reader must have asked at least a half a dozen by times by now: What was the amount of the claim that Plaintiff submitted to Liberty Mutual?"  That would certainly be among the very best evidence of the amount in controversy.  That information

was not provided until Plaintiff filed its motion to remand and attached a letter in which Plaintiff described the damage and demanded of the insurer a total of $7,958.28, which is less than 11% of the minimum amount in controversy for diversity jurisdiction.

Liberty Mutual responds that the amount at issue in the lawsuit is greater because Plaintiff's pre-suit demand letter did not include the petition's prayer for damages for "loss of use of property during repairs." Liberty Mutual acknowledges that neither the demand letter nor the petition suggest an amount claimed for that category of damages. Accordingly, we know only that Plaintiff seeks some unspecified amount for loss of use that might not have been included in the scope of the original demand letter. The court may only guess at what reasonable amount might be associated with such a claim; there are no facts provided to assess its potential value. There is no suggestion that Plaintiff is claiming the loss of use of its entire business for any time. It appears that a portion of the parking lot may have been lost for some time, but the extent and duration of any such loss, and its impact on the business (if any), is completely speculative on the current record.

Liberty Mutual also states that the pre-suit demand did not include the petition's prayer for damages for "costs to replace destroyed property." The $7,958.28 demand letter did, however, include within that amount the expenses to "replace signs" and "replace landscaping and re-sod damaged area." There is no factual basis for a contention that the lawsuit seeks damages for replacement of any other property. Perhaps Plaintiff has some additional items in mind, but there is no evidence of that in the record.

That the petition may include some categories of damages sought, without any facts to indicate the possible amounts at issue, is of little weight in determining the amount in controversy. The undersigned has explained before that almost every petition filed in this state will include a laundry list of damage categories, often boilerplate. The mere listing of such categories does not make it facially apparent or otherwise lend much support to a conclusion that more than $75,000 is in controversy. See Nordman v. Kansas City Southern Ry. Co., 2009 WL 976493, *2 (W.D. La. 2009). A stubbed toe petition filed in city court does not become a federal case just because the plaintiff's attorney was creative enough to list several damage categories in the petition. Similarly, an $8,000 property damage claim does not become a federal case because the petition includes another category or two of damages that were not specifically mentioned in a pre-suit demand.

Liberty Mutual argues that Plaintiff not pleading that its damages are less than $75,000 means Liberty Mutual has met its burden. Louisiana Code of Civil Procedure article 893(A)(1), which generally prohibits a prayer for a specific monetary amount of damages, has an exception that allows such a prayer "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... ." Liberty Mutual argues that the absence of such an allegation in Plaintiff's petition "operates as a concession that the jurisdictional minimum is met."

The undersigned has previously rejected such arguments. If parties may not create subject-matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law)

cannot give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden. There must be allegations of fact or other evidence in the record to support a determination of whether the amount in controversy requirement is met. Mere silence or inaction by the plaintiff, without facts to suggest the requisite amount in controversy, cannot satisfy the defendant's burden. Lilly v. Big E Drilling Co., 2007 WL 2407254, *2 (W.D. La. 2007). Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. See, e.g., Trahan v. Drury Hotels Co., LLC, 2011 WL 2470982, *4 (E.D. La. 2011); Ford v. State Farm, 2009 WL 790150, *4 (M.D. La. 2009); and Broussard v. Multi-Chem Group, LLC, 2012 WL 1492855, *2 (W.D. La. 2012).

Liberty Mutual also points to the claim for a statutory penalty and attorney fee, which are considered in determining the amount in controversy. See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723–24 (5th Cir.2002); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); and Stevenson v. State Farm Mut. Auto. Ins. Co., 2012 WL 1565312, *3 (E.D. La. 2012). The penalty statute cited by Plaintiff, La. R.S. 22:1892(B)(1), provides that if an insurer does not make a written offer to settle a property damage claim within 30 days after receipt of satisfactory proof of loss, when such failure is found to be arbitrary, capricious, or without probable cause, the insurer is subject to a penalty, in addition to the amount of loss, of 50% damages on the amount found to be

due, or $1,000, whichever is greater. Thus the penalty could increase the amount in controversy from roughly $8,000 to $12,000. That is still a long way from $75,000.

As for the prayer for statutory attorney fees, the court may include no more than an estimated reasonable fee in assessing the amount in controversy. House v. AGCO Corp., 2005 WL 3440834, *2 (W.D. La. 2005). If Plaintiff hit a home run on damages and penalties and won approximately $12,000, it would have to obtain more than $63,000 in attorney's fees to exceed $75,000. It is possible $63,000 could be a reasonable fee for a $12,000 property damage litigation, but it is not very likely that such a large award would be made in a simple case of this kind. And it is Defendants' burden to establish by a preponderance of the evidence – meaning it is more likely than not – that the amount in controversy exceeds $75,000. St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253 n. 13 ("The test is whether it is more likely than not that the amount of the claim will exceed [$75,000]."). That the amount in controversy "may," "might," or "could well" exceed $75,000 is insufficient to satisfy that burden. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). Liberty Mutual has not satisfied its burden, so Plaintiff is entitled to remand.

**Attorney Fees**

Plaintiff asks the court to award an unspecified amount of attorney fees and costs associated with filing its motion to remand. An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result

of the removal." 28 U.S.C. § 1447(c). There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in the statute leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 711. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. The district court also retains discretion to consider whether unusual circumstances warrant a departure from that rule in a given case. Id.

The undersigned rarely awards fees in connection with a successful motion to remand, because most removals have an objectively reasonable basis to support subject-matter jurisdiction. In this case, however, Liberty Mutual – with no backing evidence or articulated facts – has attempted to spin a property damage suit based on a rejected demand for less than $8,000 into a $75,000+ federal case. It is unreasonable to suggest that the amount in controversy in such a case, even considering a possible 50% penalty and a reasonable attorney fee award, is more likely than not to exceed $75,000. No reasonable party would take that position. The removal has caused Plaintiff to incur wasted attorney fees, and the court's attention to this case has come at the expense of cases for which there is an actual basis to exercise jurisdiction. Under these circumstances, an award of fees and costs is both warranted and deserved.

The court may award the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." Avitts v. Amoco, 111 F.3d 30, 32 (5th Cir. 1997). There were no conferences or activities in federal court other than the briefing of Plaintiff's motion to remand. A review of the motion and supporting memorandum, and consideration of the research and drafting likely required for it, supports an award of $750. Liberty Mutual is ordered to pay that amount to Plaintiff, through its counsel of record, within 14 days of this ruling (unless an appeal is taken). Plaintiff's **Motion to Remand (Doc. 7)** is **granted** and this case is **remanded**, subject to the stay set forth in the accompanying order, to the Second Judicial District Court, Bienville Parish, Louisiana, where the case was pending as No. 42-287.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE